THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD BLICK,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Respondent. | CASE NO. C20-1877-JCC<br><br>(CR17-0216-JCC)<br><br>ORDER |

This matter comes before the Court on Petitioner Richard Blick's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Dkt. No. 1). Having thoroughly considered the motion and the relevant record, the Court hereby DISMISSES the motion without prejudice and with leave to amend for the reasons explained herein.

I.　　BACKGROUND

In March 2018, a jury found Mr. Blick guilty of possession of child pornography and receipt of child pornography. *United States v. Blick*, Case No. CR17-0216-JCC, Dkt. No. 67 (W.D. Wash. 2018). The Court sentenced Mr. Blick to 240 months in prison followed by a lifetime term of supervised release. *Id.*, Dkt. No. 91. On direct appeal, Mr. Blick argued that his convictions violated the Double Jeopardy Clause of the Fifth Amendment, the prosecutor committed misconduct by referring to Mr. Blick as a "predator," and the Court erred in applying a five-level sentencing enhancement for an offense involving at least 600 images of child

pornography. *Id.*, Dkt. No. 115. The Ninth Circuit rejected his arguments and affirmed. *Id.* The mandate issued on January 15, 2020, and Mr. Blick filed this § 2255 petition on December 28, 2020. (Dkt. No. 1.)

## II.    DISCUSSION

### A.    Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Claims previously raised on direct appeal and claims that could have been, but were not, raised on direct appeal are not cognizable in § 2255 motions. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985); *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985). A petitioner may raise a claim he failed to raise on direct appeal only if the petitioner demonstrates "both cause excusing his procedural default, and actual prejudice." *United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003) (quoting *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993)).

When a petitioner files a § 2255 motion, the Court must order service on the United States, grant a prompt hearing, determine the issues, and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Consistent with the statute, Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts ("Governing Rules") directs the Court to "promptly examine" the motion and either summarily dismiss it "[i]f it plainly appears from the face of the motion . . . and the prior proceedings in the case that the movant is not entitled to relief in the district court," or direct the Government to respond. To avoid summary dismissal, a petitioner must "allege specific facts which, if true, would entitle him to relief" and "the petition, files and record of the case cannot conclusively show that he is

1  entitled to no relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004); *United States*
2  *v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011).

3        B.      Mr. Blick's § 2255 Motion

4        Mr. Blick's § 2255 motion raises four grounds for relief: (1) ineffective assistance of trial
5  counsel for "not raising timely objections during trial" and for failing to investigate Mr. Blick's
6  roommates who used his WiFi connection and password; (2) ineffective assistance of appellate
7  counsel for failing to "raise all the issues for which [Mr. Blick] sought relief stating it was better
8  to focus on as few issues as possible on appeal;" (3) an Eighth Amendment "violation to
9  reasonable sentence;" and (4) "instructions to the jury [that] were confusing." (Dkt. No. 1 at 4–
10 9.) Mr. Blick's motion is subject to summary dismissal because it does not "allege specific facts
11 which, if true, would entitle him to relief." *Howard*, 381 F.3d at 877.

12       Mr. Blick's third and fourth grounds are procedurally defaulted because he did not raise
13 them on direct appeal, and he does not allege facts that excuse his procedural default. Mr. Blick
14 could have raised his Eighth Amendment challenge to his sentence and his claim of instructional
15 error on direct appeal but did not. (Dkt. No. 1 at 8–9); *Blick*, Case No. CR17-0216-JCC, Dkt. No.
16 115. Mr. Blick's explanation for failing to raise these arguments is that appellate counsel advised
17 him not to, and he identifies ineffective assistance of appellate counsel as a separate ground for
18 relief. (Dkt. No. 1 at 5, 8–9.) Ineffective assistance of appellate counsel can excuse a procedural
19 default, but to sufficiently allege ineffective assistance of appellate counsel, a petitioner must
20 allege facts showing "that counsel acted unreasonably in failing to discover and brief a merit-
21 worthy issue" and "a reasonable probability that, but for appellate counsel's failure to raise the
22 issue, the petitioner would have prevailed in his appeal." *Moormann v. Ryan*, 628 F.3d 1102,
23 1106 (9th Cir. 2010). Mr. Blick has not met this burden because he makes no factual allegations
24 in support of his Eighth Amendment and instructional error claims, much less any factual
25 allegations that would show prejudice.

26       The Court must also dismiss Mr. Blick's ineffective assistance of counsel claims (his first

and second grounds for relief) because he fails to allege facts showing that counsel's performance fell below an objective standard of reasonableness and that he suffered actual prejudice. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003). Mr. Blick makes only the conclusory allegations that his trial counsel "admitted to not raising timely objections during trial" and his appellate counsel "did not raise all issues for which [he] sought relief." (Dkt. No. 1 at 4–5.) His motion does not identify the specific objections and issues his counsel failed to raise and does not plead facts showing counsel's performance fell below an objective standard of reasonableness or that he suffered prejudice. (Dkt. No. 1 at 4–5.)

Accordingly, the Court DISMISSES Mr. Blick's motion (Dkt. No. 1). Because the Court cannot conclude that any amendment of the motion would be futile, the Court dismisses without prejudice and grants Mr. Blick leave to file an amended § 2255 motion that specifies with particularity "all the grounds for relief available" and "state[s] the facts supporting each ground." Rule 2(c), Governing Rules; *see Jarvis v. Nelson*, 440 F.2d 13 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.").[1]

### III.    CONCLUSION

For the foregoing reasons, Mr. Blick's motion (Dkt. No. 1) is DISMISSED without prejudice and with leave to amend. Mr. Blick may file an amended motion within thirty (30) days of the date of this order. If Mr. Blick does not file a timely amended motion or otherwise respond to the Court's order, the Court will issue an order dismissing the motion with prejudice for failure to state a cognizable claim for relief.

//
//
//

---

[1] Because the Court summarily dismisses Mr. Blick's § 2255 motion, the Government's motion for an order setting a briefing schedule (Dkt. No. 4) is DENIED without prejudice as moot.

1  DATED this 23rd day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE